# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

| | |
|---|---|
| **IN THE MATTER OF:** | |
| **John G. McCormick, et al.,** | **Case No. 06-80976** |
| **Debtors.** | |
| **John A. Northen, Trustee in Bankruptcy for John G. McCormick, et al.,** | **Adv. Proc. No. A-08-_____** |
| **Plaintiff** | |
| **v.** | |
| **SunTrust Bank, N.A., Marc Macky and Maryann Macky,** | |
| **Defendants.** | |

**Complaint to Avoid Lien and to Determine Relative Extent and Priority of Liens**

Now comes the Plaintiff, John A. Northen, Trustee of the bankruptcy estates of John G. McCormick, McCormick LLC and John G. McCormick, P.A., by and through counsel, and complains against the Defendants as follows:

1      On August 7, 2006, an involuntary bankruptcy proceeding was filed with this Court against John G. McCormick (the "Debtor" and Case No. 06-80976). On October 13, 2006, an order for relief was entered in the Debtor's case, and voluntary bankruptcy proceedings were commenced for McCormick LLC ("LLC" and Case No. 06-81321) and for John G. McCormick, P.A. (the "Law Firm" and Case No. 06-81324). John A. Northen (the "Trustee") has been appointed trustee for each of the debtors, and the cases have been consolidated for purposes of administration.

2      This adversary proceeding is one arising in the Chapter 7 bankruptcy case of the Debtor, now pending in the United States Bankruptcy Court for the Middle District of North Carolina. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157.

3      SunTrust Bank, N.A. ("SunTrust") is a national banking association and, upon information and belief, the successor by merger to Central Carolina Bank and Trust Company ("CCB").

4      Marc Macky and Maryann Macky (the "Mackys") are individuals residing in Chapel Hill, North Carolina.

1

5      By deed recorded January 5, 1995 in Book 1317, Page 134, Orange County Registry (Exhibit A), the Debtor acquired title to "Tract I" and to "Tract II" as described therein, which parcels are contiguous and located in Orange County, North Carolina.

    a.    Tract I is more particularly described as Lots 1-6 as shown on plat recorded in Plat Book 37, at Page 8, and consists of lots located on Lloyd Drive, Pine Street, and Gaines Chapel Road.

    b.    Tract II is more particularly described as Lots 41-42 as shown on plat recorded in Plat Book 76, at Page 538, and consists of lots located on Sanders Street and Gaines Chapel Road.

    c.    Tract I and Tract II are also shown on the partial copy of the tax map attached hereto as Exhibit B.

6      By deed of trust recorded on November 2, 1999, the Debtor granted to CCB a lien upon Tracts I and II (Exhibit C). SunTrust as the successor in interest to CCB is the owner and holder of the note secured by this deed of trust.

7      By deed of trust recorded on July 14, 2004, the Debtor granted to the Mackeys a lien upon a portion of Tract I, consisting of Lots 1, 4, 5 and 6 (Exhibit D).

8      The Trustee marketed and attempted to sell all of the properties comprising Tracts I and II. After extensive efforts, the Trustee received no offers on and was unable to sell Tract II.

9      On or about October 4, 2007, SunTrust filed with the Trustee's consent a Motion for Stay Relief (Exhibit E). The motion recited the outstanding debt and that the note and Deed of Trust were held by SunTrust, and sought stay relief with respect to the "Sanders Street property" (i.e., Tract II). There was no assertion in the Motion that the Deed of Trust encumbered any other property. SunTrust asserted that the payoff as of the petition date was $123,861.36 and as of the motion the arrearage had grown to $24,270.60. On October 23, 2007, the Court entered an order allowing stay relief as to the Sanders Street property (Exhibit F). SunTrust has commenced a foreclosure proceeding as to Tract II, but the foreclosure sale has not yet occurred.

10     The Trustee subsequently sold all of Tract I. Upon Motion by the Trustee, the Court entered Orders on September 3, 2008, approving the sales and transferring any liens to proceeds. Closing is expected to occur shortly. With respect to the net sale proceeds:

    a.    SunTrust contends that it has a valid, properly perfected first lien on all the net proceeds from Tract I, by virtue of the deed of trust attached hereto as Exhibit C. For the reasons set forth below, the Trustee contests and seeks to avoid the lien asserted by SunTrust as against all or any portion of Tract I.

    b.    The Mackys contend that they have a valid, property perfected first lien on the net proceeds from a portion of Tract I (arising from the sale of Lots 1, 4, 5 and 6, but excluding the portion arising from the sale of Lots 2 and 3), by virtue of the deed of trust attached hereto as Exhibit D. The Trustee does not dispute the validity or priority of the Mackys' lien.

2

11    Under N.C.G.S § 47-20 no deed of trust is effective as against lien creditors or purchasers for value until the instrument is "registered" in the office of the appropriate register of deeds and the instrument has priority based on the order of registration determined by the time of registration.

12    A instrument is not registered for purposes of N.C.G.S § 47-20 until it has been properly indexed by the Register of Deeds in one of the methods provided in Chapter 161 of the General Statutes so as to provide actual notice to interested parties.

13    Effective January 1, 1983 and continuing to the present, the Orange County Register of Deeds has employed a land parcel identifier number system ("PIN") as the sole official indexing method for documents recorded in Orange County as authorized by N.C.G.S. § 161-22.2. Under the PIN system each parcel of land is assigned a unique identifying number and all transactions relating to that parcel are indexed under the PIN assigned to that tract.

14    At the time of recording, Orange County indexed the deed of trust granted by McCormick in favor of SunTrust only under the PIN assigned to Tract II and failed to index the deed of trust under the PINs assigned to Tract I until August 25, 2008 when the Register of Deeds filed a "notice of index maintenance" in which it indexed the SunTrust deed of trust to the PINs assigned to Tract I.

15    Pursuant to Section 544(a)(3) of the Bankruptcy Code, the Trustee has, as of the commencement of the case, the rights and powers of, or may avoid any transfer of property of the debtor that is voidable by a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such purchaser exists.

16    As of the commencement of this case, the SunTrust Deed of Trust had not been indexed against the PINs assigned to Tract I and as a result, the deed of trust was not valid to create an interest in the property as against a lien creditor or purchaser for value as provided in N.C.G.S. § 47-20, thus permitting the Trustee to avoid the SunTrust Deed of Trust pursuant to Section 544(a)(3) of the Bankruptcy Code.

Wherefore, the Trustee prays the Court for the following:

1    For an order avoiding the SunTrust Deed of Trust as to Tract I in accordance with N.C.G.S. § 47-20 and 544(a)(3) of the Bankruptcy Code.


2    Such other relief as the Court deems just and proper.

3

ORANGE COUNTY     01-05-95

**$320.00**

 

STATE OF **NORTH CAROLINA**

**Real Estate Excise Tax**

FILED
05 JAN 1995, at 08:08:20AM
Book 1317, Page 134 - 135
Betty June Hayes,
Register of Deeds,
Orange County, N. C.

Excise Tax # 320⁰⁰

Recording Time, Book and Page

Tax Lot No. .................................... Parcel Identifier No. ....................................

Verified by .................................... County on the .......... day of ...................., 19..........

by ....................................

Mail after recording to   John G. McCormick, P.A., 976 Airport Rd., Chapel Hill, NC   27514

This instrument was prepared by   John G. McCormick, P.A.

Brief description for the Index

# NORTH CAROLINA GENERAL WARRANTY DEED

THIS DEED made this   3rd   day of   January  ...................., 19 94 , by and between

| GRANTOR | GRANTEE |
|---|---|
| JAMES McADOO and wife, VERNELL McADOO | JOHN G. McCORMICK<br><br>976 Airport Road<br>Chapel Hill, NC 27514 |

Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g. corporation or partnership.

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in the City of .................................... Cheeks .................................... Township,

Orange .................................... County, North Carolina and more particularly described as follows:

9844-58-8276   3.33.C.5    9844-58-7088   3.33.C.5C
9844-58-8177   3.33.C.5A   9844-58-7190   3.33.C.5D
9844-58-8068   3.33.C.5B   9844-58-8206   3.33.C.5E

TRACT I: BEING all of Lots 1, 2, 3, 4, 5, and 6 of the property of Andrew B. Lloyd, Jr. as shown on plat thereof dated April 18, 1983 and recorded in Plat Book 37, Page 8, Orange County Registry.

9844-57-8918   3.33.C.7

TRACT II: Adjoining the lands of Cool Springs Baptist Church property and others and more particularly described as follows:

BEGINNING at a stake on Oak Street; thence North 146.13 feet to a stake Cool Springs Church property line; thence east along said line 95 ft. to a stake; thence south 143.75 ft. to a stake Oak Street; thence along said street west 95 ft. to the BEGINNING corner.

This deed is made to convey Lots #42 and #41 in plat of land sold by Forrest and Efland and for further reference see plat book 76, Page 538 at Register of Deeds Office, Orange County, North Carolina.

N. C. Bar Assoc. Form No. 3 © 1976, Revised © 1977 — James Williams & Co., Inc., Box 127, Yadkinville, N. C. 27055
Printed by Agreement with the N. C. Bar Assoc. — 1981

BOOK 1317 PAGE 135

The property hereinabove described was acquired by Grantor by instrument recorded in ........................................................

........................................................................................................................................................................

A map showing the above described property is recorded in Plat Book ........................... page........................

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.
Title to the property hereinabove described is subject to the following exceptions:

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

_____(Corporate Name)

By: _____

_____President

ATTEST:

_____Secretary (Corporate Seal)

USE BLACK INK ONLY

_____(SEAL)
JAMES McADOO

_____(SEAL)
VERNELL McADOO

_____(SEAL)

_____(SEAL)

SEAL-STAMP

NORTH CAROLINA, Orange _____ County.

I, a Notary Public of the County and State aforesaid, certify that _____
James McAdoo and Vernell McAdoo _____ Grantor,
personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my
hand and official stamp or seal, this 3rd day of January 19 95.

My commission expires: 10/3/99 _____ Notary Public

NORTH CAROLINA, _____ County.

I, a Notary Public of the County and State aforesaid, certify that _____
personally came before me this day and acknowledged that .... he is _____ Secretary of
_____ a North Carolina corporation, and that by authority duly
given and as the act of the corporation, the foregoing instrument was signed in its name by its _____
President, sealed with its corporate seal and attested by _____ as its _____ Secretary.
Witness my hand and official stamp or seal, this _____ day of _____, 19_____.

My commission expires: _____ Notary Public

The foregoing Certificate(s) of Roberta L. Wainwright, a Notary Public of Orange County, N.C.

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof. This 5th Day of January, 1995.

Betty June Hayes REGISTER OF DEEDS FOR ORANGE COUNTY

By Priscilla O. Price Deputy/Assistant - Register of Deeds

N. C. Bar Assoc. Form No. 3 © 1976, Revised © 1977 — James Williams & Co., Inc., Box 127, Yadkinville, N. C. 27055
Printed by Agreement with the N. C. Bar Assoc. - 1981



STREET

McCOYS TEMPLE UNITED
HOLINESS CHURCH
OF
AMERICA

GAINES CHA
A M E CHUR(

SR 1316

McCOYS TEMPLE
UNITED
HOLINESS CHURCH

COOL SPRINGS
CHURCH
CEMETERY

LLOYD DRIVE

GAINES CHAPEL ROAD

*Tract I*

*Tract II*

Orange County GIS

1:812

This map contains parcels prepared for the inventory of real property within Orange County, and is compiled from recorded deed, plats, and other public records and data. Users of this map are hereby notified that the aforementioned public primary information sources should be consulted for verification of the information contained on this map. The county and its mapping companies assume no legal responsibility for the information contained on this map.

Exhibit B

BOOK 2007 PAGE 173

| SATISFACTION: The debt secured by this Deed of Trust, as evidenced by the note or other document(s) secured hereby, has been satisfied in full. This the _____ day of _____ |
| CENTRAL CAROLINA BANK & TRUST COMPANY |
| by: _____ |

FILED
02 NOV 1999, at 09:02:05am
Book 2007, Page 173 - 177
Joyce H. Pearson
Register of Deeds,
Orange County, N. C.

THIS INSTRUMENT WAS PREPARED BY: __LeeAnn H. Boyd -CCB__

AFTER RECORDING MAIL TO: _Central Carolina Bank & Trust Company_
100 Europa Drive, STe 490, Chapel Hill, NC 27514 Attn: Margi Rice

BORROWER'S NAME: __John & Jan McCormick__
BRIEF DESCRIPTION FOR INDEX:                    (RECORDING TIME, BOOK AND PAGE)

| Lot 1-6 Lloyd Properties | 9844-57-8918 |

STATE OF NORTH CAROLINA
COUNTY OF __Orange__

## CENTRAL CAROLINA BANK AND TRUST COMPANY
## DEED OF TRUST
(MULTI-PURPOSE)

THIS DEED OF TRUST, made and entered into this __1st__ day of __November__, __1999__, by and between _____
__John G. McCormick and wife, Jan S. McCormick__
("Grantors," whether one or more in number, corporation(s), limited liability company(ies), partnership(s), limited liability partnership(s), limited partnership(s), or individual(s)), SOUTHLAND ASSOCIATES, INC., TRUSTEE ("Trustee"), and CENTRAL CAROLINA BANK AND TRUST COMPANY ("CCB"), a North Carolina banking association with its principal office in Durham, North Carolina.

WITNESSETH: that whereas, the Grantors have requested CCB to extend them or any of them or either of them a loan and/or other financial accommodation(s), and CCB has agreed to extend to the Grantors a loan and/or other financial accommodation(s) not to exceed ** One Hundred Seventy-Eight Thousand Two Hundred Seventy-Five Dollars ** ($178,275.00) ("Maximum Limit") in accordance with the terms of any and all of the documents and/or other writings executed, signed, given and/or delivered by any of the Grantors in connection with the loan or other financial accommodation(s) secured hereby, which may include, but are not limited to, all notes, security instruments, guaranty agreements, loan agreements, the Construction Loan Agreement (if applicable), commitments and any other such evidences of indebtedness of Grantors and payable to CCB (together with any modifications, extensions or renewals thereof, referred to herein as "Loan Documents"), which said Loan Documents are incorporated herein by reference to the same extent as if made a part of this Deed of Trust; and

☐ IF THIS BOX IS CHECKED, THIS DEED OF TRUST SECURES OBLIGATIONS INCURRED IN PART FOR THE CONSTRUCTION OF IMPROVEMENTS UPON LAND and these additional terms shall apply:

The Grantors or any of them or either of them have executed and delivered that certain Construction Loan Agreement between Grantors and CCB, dated the _____ day of _____, _____, (together with any modifications, extensions or renewals thereof, referred to herein as the "Construction Loan Agreement"); and

The funds advanced under the loan and/or other financial accommodation(s) are to be used in part for the construction of improvements upon a portion of the real property described herein in accordance with the terms of the Construction Loan Agreement and the other Loan Documents; and

WHEREAS, the Grantors or any of them or either of them may hereafter execute and deliver to CCB various notes (or negotiate and discount various notes payable to them) or any other such evidences of indebtedness whatsoever, at various times and in amounts within the Maximum Limit; and

WHEREAS, this Deed of Trust secures present and future advances and is governed by the provisions of North Carolina General Statutes Article 7, Chapter 45 (N.C.G.S. §45-67 et. seq.); and

WHEREAS, it is the intent of the parties hereto that this instrument shall secure present obligations and future obligations of any one or more of the Grantors, and that CCB is authorized to make future advances to the secured by this Deed of Trust, within the fifteen (15) year period beginning on the date of this Deed of Trust, upon the request of any one or more of the said Grantors without the signature of any other; and

WHEREAS, it has been agreed that no execution of a written instrument shall be required to evidence or secure any advance made hereunder; and

WHEREAS, the obligations secured by this Deed of Trust include any and all of the obligations evidenced by the Loan Documents or any other such evidences of indebtedness of Grantors and payable to CCB (the terms of which are incorporated herein by reference to the same extent as if made a part of this Deed of Trust); and Grantors' liability for environmental warranties and representations, taxes, assessments, insurance premiums, monies advanced by CCB for the purpose of protecting its security, and other obligations set forth in this Deed of Trust (hereinafter collectively referred to as "Obligations"); and

WHEREAS, it has been agreed that in addition to and not in substitution for any other security which may be held by CCB, all of the Obligations of any of said Grantors to CCB which may hereafter exist, either as principal, surety, guarantor, or endorser, within the time limits set forth in this Deed of Trust and in the Loan Documents, shall be secured by the conveyance of property hereinafter described, provided that the total of the Obligations hereby secured, exclusive of interest and amounts advanced to protect the property hereinafter described, including but not limited to taxes, assessments, prior liens and encumbrances, shall at no time exceed the Maximum Limit of this Deed of Trust as set out hereinabove and provided further that should any one item of the Obligations secured hereby be overdue and/or unpaid, CCB may at its option declare all such Obligations due and payable. If the total of the Obligations of the Grantors shall be greater than the Maximum Limit of this Deed of Trust as set forth hereinabove, the amount of the Obligations up to and including said Maximum Limit shall be secured by this Deed of Trust; and

THE OBLIGATIONS SECURED BY THIS DEED OF TRUST are for present and any future Obligations of the maker(s) to the payee(s) thereof, and this Deed of Trust is executed to secure all such Obligations.

The total amount of the present obligation secured is _____ $ __178,275.00__
The maximum principal amount, including present and future obligations, which shall be secured hereby at any one time is the MAXIMUM LIMIT (set forth hereinabove).

The period within which such future obligations may be incurred shall not be more than fifteen (15) years from the date of this Deed of Trust.

The balance of the Obligations secured by this Deed of Trust shall always be due and payable in full according to the terms thereof.

NOW, THEREFORE, IN CONSIDERATION OF the premises and of the sum of One Dollar and other good and valuable consideration to the Grantors in hand paid by the said Trustee, the receipt of which is hereby fully acknowledged, and in order to carry out the intention expressed in the premises, the said

Form 4836-7 (Rev. 5/1998)

Grantors have given, granted, bargained and sold and by these presents do give, grant, bargain, sell, alien, assign and convey unto said Trustee as trustee, and its successors and assigns, with power of sale, the following described property:

All of those certain lots, tracts or parcels of land lying and being in _____ Orange _____ County, North Carolina, and more particularly described in **EXHIBIT "A"** attached hereto, (hereinafter the "Property");

together with all improvements, heating, plumbing, electrical and air conditioning fixtures, equipment and appurtenances thereto, including floor carpeting, and all renewals or replacements, now or hereafter attached to, located upon, or used in connection with said Property.

**TO HAVE AND TO HOLD** said Property with all privileges and appurtenances thereon and thereto belonging unto the said Trustee and its successors and assigns forever in fee simple. And the Grantors covenant for themselves and their heirs and assigns that they are seized of said Property in fee and have good right to convey the same in fee simple; that the same is free and clear of all encumbrances of any kind, and that they will forever warrant and defend the title thereto against the claims of all persons whomsoever.

**THE CONDITION OF THIS DEED, HOWEVER, IS SUCH** that if the Grantors, their heirs, personal representatives, successors or assigns, shall pay or cause to be paid and shall otherwise perform and fully discharge all of the Obligations secured hereby to CCB, shall perform all other obligations herein assumed as to the payment of taxes, assessments, insurance premiums, and monies advanced by CCB for the purpose of protecting its security, shall perform and fully discharge all covenants and stipulations as herein required, then this conveyance shall be null and void.

**IT IS UNDERSTOOD AND AGREED** as follows:

**1. Taxes; Assessments; Insurance; Other Encumbrances; Escrow Deposits.** The Grantors shall pay all taxes, or other assessments, which may be levied upon or against said Property, within the time prescribed by law; shall upon demand of CCB pay to it monthly in advance one-twelfth (1/12) of the estimated taxes, assessments and insurance premiums for the current year; shall keep the buildings on said property insured against loss or damages by fire, hazards included within the term "extended coverage," flood and any other hazards for which CCB requires coverage in such amounts and with such insurance company or companies as CCB may require, which policy, or policies, shall be payable to CCB, as its interest may appear, and be deposited with CCB to be applied, in case of loss, as far as the same may extend or may be necessary to the satisfaction of this trust. If the said Grantors shall fail to pay said taxes, or other assessments, or insurance premiums, as and when said taxes and assessments and premiums shall fall due, or to effect said insurance, or to keep said Property free and clear of encumbrances, CCB shall be at liberty to pay said taxes, or other assessments, or to effect and pay the premiums for said insurance, or to pay off and remove such encumbrances, as the case may be, and the amount so advanced shall be deemed principal money, and shall be added to the Obligations secured by this Deed of Trust and shall be due and payable on the first day of the next succeeding month.

**2. Waste.** Grantors shall keep the Property in good order and repair (reasonable wear and tear excepted) and shall not commit or permit waste or destroy, damage, or substantially change the Property or allow the Property to deteriorate, or commit or permit any other occurrence of use which might impair the value of the Property. Grantors shall not initiate or acquiesce in a change in the zoning classification of the Property or make or permit any structural alteration thereof without CCB's prior written consent.

**3. Events of Default.** Grantors shall be in default under this Deed of Trust upon the occurrence of any one or any combination of the following events: (a) if the said Grantors or their heirs, personal representatives, successors or assigns shall fail or neglect to pay the monthly installments of interest and principal when due and at the time and in the manner set out in the Loan Documents secured by this Deed of Trust, or any and all other sums which may become due and payable hereunder; or (b) in the event of actual or threatened demolition or injury or waste to the Property which may impair the value of the Property herein conveyed; or (c) if the Grantors shall convey the Property or any part thereof or if title or any interest therein shall be sold, transferred or otherwise become vested in any other person or party in any manner whatsoever unless CCB shall, in writing, have expressly consented thereto; or (d) upon the occurrence of any event of default under any of the Loan Documents secured by this Deed of Trust; or (e) upon the occurrence of any event of default under any guaranty agreement, note or other evidence of indebtedness not secured by this Deed of Trust and of which CCB is the holder or assignee; or (f) if any indebtedness of the Grantor (other than the Loan Documents secured by this Deed of Trust) for the payment of borrowed money becomes or is declared to be due and payable prior to the expressed maturity thereof and the time of payment is not extended by the respective lender(s); or (g) upon the occurrence of any event of default under any other mortgage, deed of trust, or other instrument encumbering all or any portion of the Property, whether prior or subordinate to this Deed of Trust and regardless of whether or not the creation of such mortgage, deed of trust or other encumbrance has been previously consented to by CCB; or (h) if any judgment against the Grantor, any attachment, any execution, or any other levy is filed or placed against the Property or any part thereof and remains unpaid, unstayed on appeal, undischarged, unbonded or undismissed for a period of thirty (30) days; or (i) if any representation, warranty, opinion or statement made by the Grantor(s) or any signer of any of the Loan Documents, in any of said documents or any other writing delivered in connection with the execution of the executed Deed of Trust, shall prove to have been untrue in any material respect at the time made; or (j) if CCB reasonably deems itself insecure for any reason; or (k) if a receiver should be appointed for, or a petition in bankruptcy filed by or against Grantors, or any or either of them; or (l) if the Grantors (or any or either of them) shall fail or neglect to keep faithfully each and all other agreements promised or covenants made herein.

If any of the Grantors are corporations, limited liability companies, limited partnerships, general partnerships, limited liability partnerships, or any other entity ultimately owned by one or more individuals, then such a Grantor shall be in default under this Deed of Trust (in addition to the events of default stated hereinabove), if there is any change or changes in the ownership of said Grantor (whether through stock transfers or otherwise) that would vest the effective voting control of said Grantor in individuals who do not now have effective voting control and who, by exercise of such voting control, would be in a position to cause changes in the management of said Grantor. If the Grantor is a corporation, a limited liability company, a limited partnership, a general partnership, a limited liability partnership, or any other entity ultimately owned by one or more individuals then the Grantor covenants and agrees, to the extent that it can so covenant and agree, that without first having received prior written approval of CCB, there shall be no change in the management of the Grantor.

**4. Remedies of CCB Upon Default; Sale by Trustee.** Upon the occurrence of any one or more of said Events of Default, the whole of the Obligations hereby secured shall immediately become due and payable at the option of CCB; and

Upon application of CCB, its successors and assigns, it shall be lawful for and the duty of the Trustee or its successors, and said Trustee is hereby authorized and empowered, to sell the Property hereinbefore described in one or more parcels at public auction. If it is determined in a hearing held in accordance with applicable law that Trustee can proceed to sale, Trustee shall take such action regarding notice of sale and shall give such notices to Grantors and to other persons as applicable law may require. After the lapse of such time as may be required by applicable law and after the publication of the notice of sale, Trustee shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale, in one or more parcels, and in such order as Trustee may determine. CCB or CCB's designee may purchase the Property at any sale. Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, express or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply proceeds of the sale in the following order: (a) to all costs and expenses of the sale, including, but not limited to, Trustee's fees of five (5%) of the gross sales price; (b) to all sums secured by this Deed of Trust; (c) the excess, if any, to the person or persons legally entitled thereto. The Trustee may require the successful bidder at any sale to deposit immediately with the Trustee, cash or certified check in an amount not to exceed ten percent (10%) of his bid, provided notice of such requirement is contained in the advertisement of the sale. The bid may be rejected if the deposit is not immediately made and thereupon the next highest bidder may be declared to be the purchaser. Such deposit shall be refunded in case a resale is had; otherwise, it shall be applied to the purchase price.

**5. Condemnation.** Upon condemnation of the Property or improvements or any part thereof, the entire unpaid balance of the indebtedness secured hereby shall, at CCB's option, at once become due and payable and any amounts paid for such taking are hereby assigned and shall be paid to CCB and be applied upon the Obligations hereby secured.

**6. Right of Entry.** CCB or its agent shall have the right at any reasonable time and from time to time to make or cause to be made reasonable entries upon and inspections of the Property.

**7. Assignment of Rents and Profits.** The Grantors do hereby assign, transfer, and set over to CCB any and all rents, profits and other income of every kind and nature from the Property (hereinafter "Rents") during the life of this Deed of Trust as further security for the Obligations secured hereby, and upon default, CCB shall be entitled to enter into possession of the Property for the purpose of collecting the Rents arising therefrom, and is hereby authorized to employ an agent to collect said Rents, to pay said agent a reasonable commission out of Rents so collected, and is directed to apply the balance upon the Obligations secured hereby; provided, CCB may make such repairs as in its opinion are needed to the Property, and shall first deduct the costs thereof from Rents received. This assignment of Rents shall in no way affect or prejudice the rights of CCB to have this Deed of Trust foreclosed upon the occurrence of an Event of Default.

BOOK 2007 PAGE 175

**8. Security Interest.** All the furnishings, fixtures and equipment which comprise a part of the Property shall, as far as permitted by law, be deemed to be affixed to the Property and conveyed therewith. As to the balance of the furnishings, fixtures and equipment, this Deed of Trust shall be considered to be a security agreement which creates a security interest in such furnishings, fixtures and equipment for the benefit of CCB. In that regard, Grantors grant to CCB, concurrently with the execution of this Deed of Trust and upon the request of CCB from time to time hereafter, all financing statements and other documents reasonably required to perfect and maintain the security interest created herein. Grantors hereby irrevocably (as long as the Obligations remain unpaid) make, constitute and appoint CCB as the true and lawful attorney-in-fact of Grantors to sign the name of Grantors on any financing statement, continuation of financing statement or similar document required to perfect or continue such security interests. However, to the extent allowed by law, this Deed of Trust shall be a financing statement sufficient to perfect and maintain any security interest created hereby in the Property and its proceeds.

**9. Release and Cancellation.** This conveyance and the Property hereby conveyed shall continue as security for all Obligations, presently outstanding and hereafter contracted by the Grantors to CCB, under and within the limits of this Deed of Trust so long as there may be any Obligations outstanding and unpaid; and upon the payment of all such Obligations whatever; together with interest thereon, insurance, taxes, and any other charges or fees arising hereunder, and upon the termination of further advances, CCB shall thereupon endorse upon this Deed of Trust the endorsement that the same has been paid and satisfied in full; and thereupon the Register of Deeds of the county where the above-described Property is located shall be and hereby is authorized and empowered to cancel this Deed of Trust upon the records of said county upon the presentation of the original bearing the endorsement as aforesaid; and it shall be unnecessary for any of the Loan Documents executed and delivered under and secured by this Deed of Trust to be presented for the purpose of cancellation of this instrument on the records of said county.

**10. Anti-Marshalling.** The right is hereby given by Grantors to Trustee and CCB to make partial release or releases of security hereunder (whether or not such releases are required by agreement among the parties) appurtenant to Trustee and CCB without notice to, or the consent, approval or agreement of other parties and interests, including junior lienors and purchasers subject to this lien, which partial release or releases shall not impair in any manner the validity of or priority of this Deed of Trust on the Property remaining hereunder, nor release Grantors from personal liability for the indebtedness hereby secured. Notwithstanding the existence of any other security interests in the Property held by CCB or by any other party, CCB shall have the right to determine the order in which any or all of the Property shall be subjected to the remedies provided herein. CCB shall have the right to determine the order in which any or all portions of the indebtedness secured hereby are satisfied from the proceeds realized upon the exercise of the remedies provided herein. Grantors and any other parties who have actual or constructive notice hereof hereby waive any and all right to require the marshalling of assets in connection with the exercise of any of the remedies permitted by applicable law or provided herein.

**11. Compliance with Laws.** Grantors shall regularly and promptly comply with any applicable legal requirements of the United States, the State of North Carolina or other governmental entity, agency or instrumentality relating to the use or condition of the Property.

**12. Indemnification.** In case CCB or the Trustee voluntarily or otherwise shall become a party to any suit or legal proceeding to protect the Property herein conveyed or to protect the lien of this Deed of Trust, the Trustee and CCB shall be saved harmless and shall be reimbursed by the Grantors for any amounts paid, including all reasonable costs, charges and attorneys' fees incurred in any suit or proceeding, and the same shall be secured by this Deed of Trust and its payment enforced as if it were a part of the original Obligations. All interest, costs, expenses and advances required to be made to protect the Property or to discharge a paramount lien on the Property heretofore described shall be secured hereby without limitation in respect to the amount thereof and the amount so advanced shall become a debt due hereunder and shall bear interest at the maximum legal rate and the monies so advanced shall be secured by this Deed of Trust and this Deed of Trust secures all other covenants and agreements contained in this instrument and/or any of the Loan Documents and/or any of the Obligations as hereinabove referenced and defined.

**13. Environmental Conditions of Property; Indemnification.** Grantors warrant and represent to CCB after appropriate inquiry and investigation that: (a) while CCB has any interest in or lien on the Property, the Property described herein is and at all times hereafter, will continue to be in full compliance with all federal, state and local environmental laws and regulations, including but not limited to, the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), Public Law No. 96-510, 94 Stat. 2767, 42 USC 9601 et seq, and the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Public Law No. 99-499, 100 Stat. 1613, and (b) (i) as of the date hereof there are no hazardous materials, substances, wastes or other environmentally regulated substances (including without limitation, any materials containing asbestos) located on, in or under the Property or used in connection therewith, or (ii) Grantors have fully disclosed to CCB in writing the existence, extent and nature of any such hazardous materials, substances, wastes or other environmentally regulated substances, which Grantors are legally authorized and empowered to maintain on, in or under the Property or use in connection therewith, and Grantors have obtained and will maintain all licenses, permits and approvals required with respect thereto, and is in full compliance with all of the terms, conditions and requirements of such licenses, permits and approvals. Grantors further warrant and represent that they will promptly notify CCB of any change in the nature or extent of any hazardous materials, substances or wastes maintained on, in or under the Property or used in connection therewith, and will transmit to CCB copies of any citations, orders, notices or other material governmental or other communication received with respect to any other hazardous materials, substances, wastes or other environmentally regulated substances affecting the Property.

Grantors shall indemnify and hold CCB harmless from and against any and all damages, penalties, fines, claims, liens, suits, liabilities, costs (including clean-up costs), judgments and expenses (including attorneys', consultants' or experts' fees and expenses) of every kind and nature suffered by or asserted against CCB as a direct or indirect result of any warranty or representation made by Grantors in the preceding paragraph being false or untrue in any material respect or any requirement under any law, regulation or ordinance, local, state or federal, which requires the elimination or removal of any hazardous materials, substances, wastes or other environmentally regulated substances.

Grantors' obligations hereunder to CCB shall not be limited to any extent by the term of any of the Loan Documents secured hereby, and as to any act or occurrence prior to payment in full and satisfaction of said Loan Documents or any other of the Obligations which give rise to liability hereunder, shall continue, survive and remain in full force and effect notwithstanding payment in full and satisfaction of said Loan Documents or any other of the Obligations and this Deed of Trust, or foreclosure under this Deed of Trust, or delivery of a deed in lieu of foreclosure.

**14. Substitute Trustee.** CCB may at any time, and from time to time without notice, remove the Trustee and appoint a successor Trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Deed of Trust is recorded. The successor Trustee shall succeed to all the title, power, right and duties conferred upon the Trustee herein and by applicable law.

**15. Hypothecation.**
☐ IF THIS BOX IS CHECKED, THIS DEED OF TRUST IS GIVEN TO SECURE THE DEBT OF OTHERS and these additional terms shall apply:
This Deed of Trust is given by the Grantor(s) in consideration for the loan and/or financial accommodation given by CCB to _____
_____ (herein also called "Grantor(s)") at the request of the undersigned Grantor(s). The Grantor(s) understand(s) that the loan and/or financial accommodation(s) secured hereby would not have been granted or extended, but for the execution of this Deed of Trust.

**16. Miscellaneous.** (a) The designation Grantors, Trustee and CCB as used herein shall include such parties, their heirs, personal representatives, successors or assigns and shall include singular, plural, masculine, feminine, or neuter, as required by context. (b) In addition to names stated hereinabove, the designation Grantors, for the purpose of this Deed of Trust, includes all parties obligated on any of the Obligations secured hereby, even when such party(ies) does (do) not own any interest in the Property and/or does (do) not sign this Deed of Trust. (c) Grantors' covenants and agreements shall be joint and several. (d) Any extension(s) of time in the payment of either principal or interest on any of the Loan Documents and/or any other Obligations hereby secured, or change in the amount of any installment thereby increasing or decreasing the same may be granted by CCB to any signer thereof, or to any party who has assumed payment thereof without releasing or affecting the legal liability of any other signer, or, of any party who has assumed payment of said Loan Documents and/or any other Obligations; and the Grantors herein, jointly and severally, bind themselves personally for the indebtedness secured by this instrument, without regard to the market value of the Property herein described. (e) A delay in exercising any option or requiring the performance of any obligation secured hereby shall not be deemed to be an abandonment or waiver of such right, and Grantors expressly waive value of the exercise of any option(s) granted to CCB herein or in any of the Loan Documents secured hereby. (f) This Deed of Trust shall be governed by the laws of the State of North Carolina, and in the event that any provision or clause of this Deed of Trust or any of the Loan Documents conflicts with applicable law, such conflict shall not affect other provisions herein or in any of the Loan Documents which can be given effect without the conflicting provision, and to this end such provisions of this Deed of Trust are declared to be severable. (g) The headings used in this Deed of Trust are for convenience and reference only, and are not intended in any way to define or describe the scope or intent of any provision of this Deed of Trust. (h) This Deed of Trust may not be modified, changed or amended unless said modification, change or amendment is in writing, signed by the party against whom enforcement of the modification, change or amendment is sought, and executed with the same formalities as this Deed of Trust.

**17. Notices.** All notices to CCB shall be mailed to: CENTRAL CAROLINA BANK AND TRUST COMPANY,
Attention: Margi E. Rice
ADDRESS: 100 Europa Drive, Suite 490, Chapel Hill, NC 27514
or other such address as CCB may otherwise designate from time to time.

**IN WITNESS WHEREOF,** the undersigned Corporate Grantor has caused this instrument to be executed in its corporate name by its _____ President, attested by its _____ Secretary, and its corporate seal to be affixed hereto all by the lawful order of its Board of Directors first duly given, with this sealed instrument being delivered on the date first above written.

_____
(Corporate Name)

By: _____

_____ President

Attest: _____

_____ Secretary

(Corporate Seal)

**IN WITNESS WHEREOF,** each of the undersigned individual Grantors hereunto set their hand(s) and have adopted as their seals the word "SEAL" appearing at or beside their signature(s), this sealed instrument being executed and delivered on the day first above written.

_John G. McCormick_ (SEAL)
John G. McCormick

_Jan S. McCormick_ (SEAL)
Jan S. McCormick

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

**IN TESTIMONY WHEREOF,** the undersigned **PARTNERSHIP** Grantor, **LIMITED LIABILITY COMPANY** Grantor or **LIMITED LIABILITY PARTNERSHIP** Grantor has caused this instrument to be executed in the appropriate partnership or company name by duly authorized general partner(s) or manager(s), and has adopted as its seal the word "SEAL" appearing at or beside its name and their signature(s), this sealed instrument being executed and delivered on the date first above written.

_____ (SEAL)
(Partnership, LLC or LLP Name)

By: _____ (SEAL)    By: _____ (SEAL)
Title: _____             Title: _____

By: _____ (SEAL)    By: _____ (SEAL)
Title: _____             Title: _____

---

**Individual**

NORTH CAROLINA
_Orange_ COUNTY

I, _Keith P. Anthony_ , a Notary
Public, do hereby certify that _John G. McCormick_ and
_Jan S. McCormick_
personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal. this _1st_ day of
_November_ _1999_

_Keith P. Anthony_
Notary Public

My commission expires: _10/9/2002_

**Individual**

NORTH CAROLINA
_____ COUNTY

I, _____ , a Notary
Public, do hereby certify that _____
_____
personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this _____ day of _____

_____
Notary Public

My commission expires: _____

---

**Corporation**

NORTH CAROLINA
_____ COUNTY

I, _____ , a Notary
Public, do hereby certify that _____
is _____ Secretary of _____
_____ , a North Carolina corporation, and that by authority duly given and as the act of the corporation, the foregoing instrument was signed in its name by its _____ President, sealed with its corporate seal and attested by him as its _____ Secretary.

Witness my hand and official seal. this _____ day of _____

_____
Notary Public

My commission expires: _____

**Partnership, LLC, LLP**

NORTH CAROLINA

State of North Carolina-Orange County
The foregoing certificate(s) of
_Keith P. Anthony_

A Notary (Notaries) Public for the Designated Governmental units is (are) certified to be correct. See filing certificates herein.

This the _2nd_ day of _Nov_ A.D. 19 _99_

Joyce H. Pearson
Register of Deeds By: _Priscilla O. M____
                      Assistant / Deputy

_____
Notary Public

My commission expires: _____

EXHIBIT "A"

BEING all of LOT 1-6 ANDREW B. LLOYD, as shown on the plat recorded in Plat Book 82, Page 130 , Orange County Registry, to which plat reference is hereby made for a more particular description of same.

9844-57-0918  3-33-C-7

TRACT II:  Adjoining the lands of Cool Springs Baptist Church property and others and more particularly described as follows:

BEGINNING at a stake on Oak Street; thence North 146.13 feet to a stake Cool Springs Church property line; thence east along said line 95 ft. to a stake; thence south 143.75 ft. to a stake Oak Street; thence along said street west 95 ft. to the BEGINNING corner.

This deed is made to convey Lots #42 and #41 in plat of land sold by Forrest and Efland and for further reference see plat book 76, Page 538 at Register of Deeds Office, Orange County, North Carolina.

(MCCORMICK JOHN (LLOYD).PFD/MCCORMICK JOHN (LLOY/5



2004071400169450 D/T
Bk:RB3496 Pg:569
07/14/2004 04:10:28PM 1/6

FILED    Joyce H. Pearson
Register of Deeds Orange COUNTY, NC
BY:
Deputy _Linda Clerks_

# NORTH CAROLINA DEED OF TRUST

SATISFACTION: The debt secured by the within Deed of Trust
together with the note(s) secured thereby has been satisfied in full.
This the _____ day of _____, 20 ____
Signed: _____

9844-58-8276   9844-58-7088·9844-58-7190  9844-58-8206
Parcel Identifier No._____ Verified by _____ County on the _____ day of _____ ꞊ᴮ_____ , 20 ___
By:_____

Mail/Box to: ~~Grantee~~ John G. McCormick ,

This instrument was prepared by: John G. McCormick, 976 Airport Road, Suite 150, Chapel Hill, NC  27514

Brief description for the Index:_____  _____

THIS DEED of TRUST made this __14th__ day of _____May_____ , 20 _04_ , by and between:

| GRANTOR | TRUSTEE | BENEFICIARY |
|---|---|---|
| JOHN G. MCCORMICK and wife, JAN S. MCCORMICK 976 AIRPORT ROAD, SUITE 150 CHAPEL HILL, NC 27514 | CHRISTOPHER M. WILLETT | MARC MACKY and wife, MARYANN MACKY |

Enter in appropriate block for each party: name address, and, if appropriate, character of entity, e.g. corporation or partnership

The designation Grantor, Trustee, and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, That whereas the Grantor is indebted to the Beneficiary in the principal sum of --Sixty Thousand and 00/100 ------ --------------------------------------------- Dollars ($ 60,000.00     ), as evidenced by a Promissory Note of even date herewith, the terms of which are incorporated herein by reference. The final due date for payments of said Promissory Note, if not sooner paid, is
   June 1  , 2019.

NC Bar Association Form No. L-5 © 1976, Revised © September 1985, 2002
Printed by Agreement with the NC Bar Association – 1981     SoftPro Corporation, 333 E. Six Forks Rd., Raleigh, NC 27609

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing as of the day and year first above written.

_____                    _John G. McCormick_____(SEAL)
(Entity Name)                                        JOHN G. MCCORMICK

By:_____                          _Jan S. McClure_____(SEAL)
    Title:_____                        JAN S. MCCORMICK

By:_____                          _____(SEAL)
    Title:_____

By:_____                          _____(SEAL)
    Title:_____

State of North Carolina - County of Orange

    I, the undersigned Notary Public of the County and State aforesaid, certify that JOHN G. MCCORMICK and wife, JAN S. MCCORMICK _____ personally appeared before me this day and acknowledged the due execution of the foregoing instrument for the purposes therein expressed. Witness my hand and Notarial stamp or seal this 14th day of _____May_____, 2004.

My Commission Expires: 4.23.06

                                                    _____
                                                    Notary Public

State of North Carolina - County of _____

    I, the undersigned Notary Public of the County and State aforesaid, certify that _____ _____ personally came before me this day and acknowledged that __he is the _____ of _____, a North Carolina or _____ corporation/limited liability company/general partnership/limited partnership (strike through the inapplicable), and that by authority duly given and as the act of such entity, __he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this _____ day of _____, 20__.

My Commission Expires:_____

                                                    _____
                                                    Notary Public

State of North Carolina - County of _____

    I, the undersigned Notary Public of the County and State aforesaid, certify that _____
_____
_____

Witness my hand and Notarial stamp or seal, this _____ day of _____, 20__.

My Commission Expires:_____

                                                    _____
                                                    Notary Public

_____

The foregoing Certificate(s) of _____
is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

_____ Register of Deeds for _____ County

By:_____ Deputy/Assistant - Register of Deeds

NC Bar Association Form No. L-5 © 1976, Revised © September 1985, 2002
Printed by Agreement with the NC Bar Association -- 1981    SoftPro Corporation, 333 E. Six Forks Rd., Raleigh, NC 27609

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

IN RE:

**JOHN G. MCCORMICK, ET AL.**

    Debtors.

**Case No. 06-80976**
**Chapter 7**
**(Consolidated for Administration)**

## CONSENT MOTION FOR RELIEF FROM AUTOMATIC STAY

    **NOW COMES** SunTrust Bank, as successor to Central Carolina Bank and Trust Company ("SunTrust"), and moves the Court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362, and respectfully shows the Court the following in support thereof:

    1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    2.    On August 7, 2006 (the "Petition Date"), an involuntary bankruptcy proceeding was filed with this Court against John Gregory McCormick ("McCormick"), and on October 13, 2006, voluntary bankruptcy proceedings were filed for John G. McCormick , P.A. (Case No. 06-81324), and for McCormick, LLC (Case No. 06-81321) (collectively the "Debtors"). John A. Northen has been appointed Trustee for each of the Debtors, and the cases have been consolidated for the purposes of administration.

    3    SunTrust is a secured creditor of certain real properties held by the Debtors, and is a party-in-interest in this bankruptcy proceeding.

    4.    SunTrust timely filed a Proof of Claim on February 15, 2007, listing each property in which it claims a secured interest regarding these bankruptcy proceedings. Pursuant

C878227.2

to the Proof of Claim, SunTrust's claims total $1,267,302.35 (as of the Petition Date), plus statutory attorneys' fees and costs as provided for under N.C. Gen. Stat. § 6-21.2.

5. As of the Petition Date, the Debtors were indebted to SunTrust according to the following four original Promissory Notes all secured by respective Deeds of Trust: a) Promissory Note dated April 1, 1996, securing 410 Knolls Street; b) Promissory Note dated November 1, 1999, securing 4105 Sanders Street; c) Promissory Note dated January 4, 2000, securing Roberson Street property; and d) Promissory Note dated September 4, 2001, securing the Sykes Street/McMasters Street property (collectively the "SunTrust properties"). As of the date of this Motion, three of the four SunTrust properties have sold. The property located at 4105 Sanders Street ("the Sanders Street property") remains listed with Weaver Street Realty, but has not yet sold. None of the SunTrust properties were claimed as exempt by any of the Debtors.

6. On November 1, 1999, McCormick Debtors executed and delivered to SunTrust a Promissory Note in the amount of $178,275.00. On November 18, 2002, McCormick executed and delivered a Promissory Note Modification Agreement to SunTrust in the same amount of $178,275.00 (collectively the "Promissory Notes"). Both Promissory Notes are secured by a Deed of Trust, which was executed by McCormick in favor of SunTrust on November 1, 1999, securing the real property located at 4105 Sanders Street, Efland, North Carolina.. The Deed of Trust was filed and recorded on November 2, 1999 in Book 2007, Page 173-177 with the Orange County Registry.

7. As of the Petition Date, McCormick had defaulted on the SunTrust loan in violation of the Promissory Notes and Deed of Trust. The monthly payment due on the Promissory Note is $1,755.78. As of the Petition Date, McCormick owed a total of $123,861.36 (including principal, accrued interest and late fees) on the Promissory Note and secured by the Deed of Trust. As of the Petition Date, the arrearages totaled $736.25. Since the Petition Date,

McCormick has failed to pay an additional $24,270.60, representing outstanding arrearages (principal, interest, and fees) from the Petition Date through September 21, 2007.

8.    As of the date of this Motion, neither the estate nor SunTrust has received funds owing on the Sanders Street property.

9.    According to the Trustee and real estate agent, Jay Parker of Weaver Street Realty, the Sanders Street property is not in saleable condition, and it is highly unlikely that the estate will be able to sell this property.

10.    In April 2006, Weaver Street Realty listed the Sanders Street property for sale in the amount of $130,000. Since its initial listing, there have been no offers and very few showings of this property. Due to the lack of an interested buyer, Weaver Street Realty has reduced the listing price on several occasions and currently has the property listed for sale in the amount of $90,000. At $90,000, Weaver Street Realty still has been unable to find a willing buyer. The amount currently outstanding on the Promissory Notes is approximately $125,000. Therefore, the Sanders Street property's fair market value is significantly below the amount due and owing to SunTrust.

11.    SunTrust has cooperated with the Trustee in trying to get the Sanders Street property sold. Because of the condition of the property and the unlikelihood that the property will sell during these bankruptcy proceedings, cause exists for the Court to modify the stay as requested herein.

12.    SunTrust has consulted with the Trustee regarding this motion, and the Trustee has informed SunTrust's counsel that it consents to SunTrust's efforts to seek relief from the stay and to move forward with foreclosure proceedings with respect to the Sanders Street property upon the condition that if surplus proceeds result after foreclosure, then SunTrust will pay such proceeds to the Trustee for distribution pursuant to future orders of this Court.

WHEREFORE, SunTrust prays the Court for the following relief:

C878227.2

3

1. Enter an Order modifying the Automatic Stay to permit it to foreclose upon the Sanders Street property under the terms of the Promissory Note and in accordance with state law;

2. Enter an Order providing that if funds are received in excess of the amounts due and owing under the Promissory Notes as well as normal closing costs, taxes, and fees following the foreclosure proceeding, then the additional funds will be returned to the estate and held pending further orders of the Court. The estate's receipt of such funds shall in no way limit, alter or waive SunTrust's right to pursue attorneys' fees and costs as allowed by law; and

3. Grant such additional relief to SunTrust as the Court may deem just and proper.

RESPECTFULLY submitted, this the 4th day of October 2007.

HELMS MULLISS & WICKER, PLLC

/s/ Julia R. Wicker
Robert H. Tiller
N.C. State Bar No. 17219
Julia R. Wicker
N.C. State Bar No. 31866
2600 Two Hannover Square
Post Office Box 27507
Raleigh, North Carolina 27611
Telephone: (919) 755-6600
Facsimile: (704) 755-6699
rob.tiller@hmw.com
julia.wicker@hmw.com
*Attorneys for SunTrust Bank*

C878227.2

4

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing CONSENT MOTION FOR RELIEF FROM AUTOMATIC STAY has been served electronically or by mailing a copy thereof, first class U.S. mail, postage prepaid to the following:

| | |
|---|---|
| John A. Northen<br>Stephanie Osborne-Rodgers<br>Northen Blue, LLP<br>Post Office Box 2208<br>Chapel Hill, NC 27515 | E. Fitgerald Parnell, II<br>301 South College St., Ste 2300<br>Charlotte, NC 28202 |
| Scott Zimmerman<br>101 N. Columbia Street<br>Chapel Hill, NC 27514 | Chris Willett<br>976 Martin Luther King Jr. Blvd.<br>Ste. 150<br>Chapel Hill, NC 27514 |
| Richard M. Hutson, II<br>300 W. Morgan St., Ste. 1500<br>Durham, NC 27702 | Kenneth Bagwell<br>111 Cloister Ct., Ste. 200<br>Chapel Hill, NC 27517 |
| Robert Belo<br>Post Office Box 51579<br>Durham, NC 27717 | Lunsford Long<br>127 Timberhill Pl<br>Chapel Hill, NC 27517 |
| Terry D. Fisher<br>Post Office Box 1452<br>Durham, NC 27702-1452 | Joel M. Craig<br>Post Office Box 51579<br>Durham, NC 27717-1579 |
| Kenneth R. Embree<br>6101 Falconbridge Rd., Ste. 200<br>Chapel Hill, NC 27517 | Terri L. Gardner<br>Poyner & Spruill, LLP<br>Post Office Box 10096<br>Raleigh, NC 27605-0096 |
| Peter J. Sarda<br>Wallace, Norman & Smith, LLP<br>Post Office Box 12065<br>Raleigh, NC 27605 | Edward Embree<br>Post Office Box 13706<br>RTP, NC 27709 |
| William P. Janvier<br>Post Office Box 911<br>Raleigh, NC 27602 | Mike West<br>Post Office Box 1828<br>Greensboro, NC 27402 |
| Joseph J. Vonnegut<br>4317 Ramsey St.<br>Post Office Box 2505<br>Fayetteville, NC 28302 | Charles F. Carpenter<br>Post Office Box 3600<br>Durham, NC 27702 |
| Lisa Beck<br>4940 Broadway, Ste. 315<br>San Antonio, TX 78209 | Robert L. Barrows<br>800 Broadway<br>San Antonio, TX 78215 |
| James S. Livermon, III<br>Post Office Box 353<br>Rocky Mount, NC 27802-0353 | Perry E. Tankard<br>1800 Angier Ave.<br>Durham, NC 27703 |

C878227.2

5

| David Meschan | William Yaeger |
|---|---|
| PO Box 2888 | PO Box 100 |
| Greensboro, NC 27403 | Durham, NC 27702 |

This the 4th day of October, 2007.

HELMS MULLISS & WICKER, PLLC

/s/ Julia R. Wicker
Robert H. Tiller
N.C. State Bar No. 17219
Julia R. Wicker
N.C. State Bar No. 31866
2600 Two Hannover Square
Post Office Box 27507
Raleigh, North Carolina 27611
Telephone: (919) 755-6600
Facsimile: (704) 755-6699
rob.tiller@hmw.com
julia.wicker@hmw.com
*Attorneys for SunTrust Bank*

C878227.2                      6

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

IN RE:

**JOHN G. MCCORMICK, ET AL.**

    Debtors.

**Case No. 06-80976**
**Chapter 7**
**(Consolidated for Administration)**

## CONSENT ORDER ALLOWING
## RELIEF FROM AUTOMATIC STAY

THIS MATTER coming on for consideration before the undersigned United States Bankruptcy Judge for the Middle District of North Carolina, upon the Consent Motion for Relief From Automatic Stay of SunTrust Bank, successor by merger to National Bank of Commerce (including its division Central Carolina Bank), successor by merger to Central Carolina Bank and Trust Company ("SunTrust"), and John A. Northern, the duly appointed and qualified Chapter 7 Trustee (the "Trustee") for relief from the automatic stay pursuant to 11 U.S.C. § 362 and Bankruptcy Rule 4001(a) to permit SunTrust to exercise its rights with respect to certain real property of the Debtor, John G. McCormick ("Debtor").

THE COURT, upon consideration of the evidence and all pleadings before it, and by and with the consent of SunTrust Bank and the Chapter 7 Trustee as evidenced by their signatures below, makes the following findings:

1.    This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 1334 and 28 U.S.C. §§ 151, 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    SunTrust is a secured creditor of certain real properties held by the Debtor, and is a party-in-interest in this bankruptcy proceeding.

3.    On August 7, 2006, (the "Petition Date"), an involuntary bankruptcy proceeding was held under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the

C885662.1

Exhibit F

Middle District of North Carolina against the Debtor. John A. Northern was subsequently appointed and is the duly qualified Chapter 7 Trustee.

4.    On November 1, 1999, the Debtor executed and delivered to SunTrust a Promissory Note in the original principal amount of $178,275.00. On November 18, 2002, McCormick executed and delivered a Promissory Note Modification Agreement to SunTrust in the same amount of $178,275.00 (collectively the "Notes").

5.    SunTrust is the owner and holder of the Notes which are secured by a Deed of Trust dated November 1, 1999 and executed by Debtor and recorded on November 2, 1999 in Book 2007 at Page 173 of the Mecklenburg County Public Registry (the "Deed of Trust"). The Deed of Trust creates a lien on certain real property of the Debtor located at 4105 Sanders Street, Efland, North Carolina (the "Property").

6.    As of the Petition Date, the Debtor has defaulted on the SunTrust loan in violation of the Notes and Deed of Trust and has failed to pay upon written demands from SunTrust the amount due each month equal to $1,755.78, plus late fees and expenses.

7.    As of the Petition Date, the Debtor owed a total of $123,861.36, including principal, accrued interest, and late fees on the Notes. As of the Petition Date, the arrearages totaled $736.25. The Debtor has also failed to pay an additional $24,270.60, representing outstanding arrearages from the Petition Date through September 21, 2007.

8.    As of the date of this Motion, neither the estate nor SunTrust has received funds owing on the Property.

9.    In April 2006, Weaver Street Realty listed the Property for sale in the amount of $130,000. Since its initial listing, there have been no offers and very few showings of the property. Due to the lack of an interested buyer, Weaver Street Realty has reduced the listing price on several occasions and currently has the property listed for sale in the amount of $90,000.

C885662 1

2

At a listing price of $90,000, Weaver Street Realty still has been unable to find a wiling buyer. The amount currently outstanding on the promissory note significantly exceeds the listing price of the property, and therefore, the Debtor has no equity in the Property, and the Property is not necessary for the successful completion of this Chapter 7 proceeding presently before this Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The automatic stay is hereby modified to allow SunTrust to proceed with all remedies available to it, including foreclosure upon its security interest in the Property in accordance with State law.

2.     That if funds are received in excess of the amounts due and owing under the Promissory Notes as well as normal closing costs, taxes, and fees following the foreclosure proceeding, then the additional funds will be returned to the estate and held pending further orders of the Court. The estate's receipt of such funds shall in no way limit, alter or waive SunTrust's right to pursue attorneys' fees and costs as allowed by law; and

3.     There shall be no stay of the foregoing relief under Federal Bankruptcy Rule of Procedure 4001(a)(3).

This the 23rd day of October 2007.

_William C. Stocks_
United States Bankruptcy Judge

Consented to by:

HELMS MULLISS & WICKER, PLLC          NORTHEN BLUE, LLP

By: /s/ Robert H. Tiller                By: /s/ Stephanie Osborne-Rodgers

    Robert H. Tiller                        John A. Northen
    N.C. State Bar No. 17219                N.C. State Bar No. 6789
    Julia R. Wicker                         Stephanie Osborne-Rodgers
    N.C. State Bar No. 31866                N.C. State Bar No. 29374
    2600 Two Hannover Square                Post Office Box 2208
    Post Office Box 27507                   Chapel Hill, NC 27515
    Raleigh, North Carolina 27611           Telephone: 919-968-4441
    Telephone: (919) 755-6600               Facsimile: 919-942-6603
    Facsimile: (704) 755-6699               jan@nbfirm.com
    rob.tiller@hmw.com                      sor@nbfirm.com
    julia.wicker@hmw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing CONSENT ORDER ALLOWING RELIEF FROM AUTOMATIC STAY has been served electronically or by mailing a copy thereof, first class U.S. mail, postage prepaid to the following:

| | |
|---|---|
| John A. Northen<br>Stephanie Osborne-Rodgers<br>Northen Blue, LLP<br>Post Office Box 2208<br>Chapel Hill, NC 27515 | E. Fitzgerald Parnell, II<br>301 South College St., Ste 2300<br>Charlotte, NC 28202 |
| Scott Zimmerman<br>101 N. Columbia Street<br>Chapel Hill, NC 27514 | Chris Willett<br>976 Martin Luther King Jr. Blvd.<br>Ste. 150<br>Chapel Hill, NC 27514 |
| Richard M. Hutson, II<br>300 W. Morgan St., Ste. 1500<br>Durham, NC 27702 | Kenneth Bagwell<br>111 Cloister Ct., Ste. 200<br>Chapel Hill, NC 27517 |
| Robert Belo<br>Post Office Box 51579<br>Durham, NC 27717 | Lunsford Long<br>127 Timberhill Pl<br>Chapel Hill, NC 27517 |
| Terry D. Fisher<br>Post Office Box 1452<br>Durham, NC 27702-1452 | Joel M. Craig<br>Post Office Box 51579<br>Durham, NC 27717-1579 |
| Kenneth R. Embree<br>6101 Falconbridge Rd., Ste. 200<br>Chapel Hill, NC 27517 | Terri L. Gardner<br>Poyner & Spruill, LLP<br>Post Office Box 10096<br>Raleigh, NC 27605-0096 |
| Peter J. Sarda<br>Wallace, Norman & Smith, LLP<br>Post Office Box 12065<br>Raleigh, NC 27605 | Edward Embree<br>Post Office Box 13706<br>RTP, NC 27709 |
| William P. Janvier<br>Post Office Box 911<br>Raleigh, NC 27602 | Mike West<br>Post Office Box 1828<br>Greensboro, NC 27402 |
| Joseph J. Vonnegut<br>4317 Ramsey St.<br>Post Office Box 2505<br>Fayetteville, NC 28302 | Charles F. Carpenter<br>Post Office Box 3600<br>Durham, NC 27702 |
| Lisa Beck<br>4940 Broadway, Ste. 315<br>San Antonio, TX 78209 | Robert L. Barrows<br>800 Broadway<br>San Antonio, TX 78215 |
| James S. Livermon, III<br>Post Office Box 353<br>Rocky Mount, NC 27802-0353 | Perry E. Tankard<br>1800 Angier Ave.<br>Durham, NC 27703 |

C885662.1

5