UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| John Gregory McCormick, et al., ) | Case No. 06-80976C-7D |
| ) | |
| Debtors. ) | |
| _____) | |
| ) | |
| John A. Northern, Trustee in Bankruptcy ) | |
| for John Gregory McCormick, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 08-09028 |
| ) | |
| SunTrust Bank, N.A., Marc Macky, and ) | |
| Maryann Macky, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This adversary proceeding came before the court on June 11, 2009 for hearing on the plaintiff's motion for summary judgment and for hearing on motions for summary judgment filed on behalf of SunTrust Bank, N.A., ("SunTrust") and Marc and Maryann Macky (the "Mackys"). David M. Rooks appeared on behalf of the plaintiff, Joseph J. Vonnegut appeared on behalf of SunTrust, and Robert N. Maitland II appeared on behalf of the Mackys. For the reasons that follow, the court has concluded that the plaintiff's and Mackys' motions for summary judgment should be granted.

## JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. The motions for summary judgment now before the court are core matters which this court may hear and determine by means of final order.

## FACTUAL BACKGROUND

On January 3, 1994, the Debtor acquired real property consisting of two contiguous parcels of land ("Tract I" and "Tract II") located in Orange County, North Carolina pursuant to a general warranty deed that was recorded on January 5, 1995 in Book 1317, Page 134 of the Orange County Registry. Tract I consists of Lots 1-6 located on Lloyd Drive, Pine Street, and Gaines Chapel Road as shown on a plat recorded in Plat Book 37, Page 8. Tract II consists of lots 41-42 located on Sanders Street and Gaines Chapel Road as shown on a plat recorded in Plat Book 76, Page 538.

On November 1, 1999, the Debtor granted Central Carolina Bank and Trust Company, predecessor in interest to SunTrust, a deed of trust against Tracts I and II (the "SunTrust Deed of Trust"). The SunTrust Deed of Trust was recorded on November 2, 1999 in Book 2007, Page 173 of the Orange County Registry. On May 14, 2004, the Debtor granted the Mackys a deed of trust against a portion of Tract I, consisting of Lots 1, 4, 5, and 6 (the "Macky Deed of Trust"). The Macky Deed of Trust was recorded on July 14, 2004 in Book 3496, Page 569 of the Orange County Registry. On August 7, 2006 (the "Petition Date"), an involuntary bankruptcy proceeding was filed with this court against the Debtor, and the plaintiff was appointed as chapter 7 trustee on October 13, 2006. The plaintiff subsequently sold all of Tract I, and this

court entered orders on September 3, 2008 approving the sales and transferring any liens to proceeds.

As of January 1, 1983, the official real property index for Orange County is a land parcel identifier number ("PIN") system under which a unique PIN is assigned to every tract of land in Orange County.[1] The Register of Deeds then indexes all transactions relating to a particular parcel of land under the PIN assigned to the tract in question. Orange County also maintains a traditional grantor/grantee indexing system in which instruments are indexed alphabetically by the names of the parties to the transaction. When the SunTrust Deed of Trust was recorded in 1999, the Orange County Register of Deeds did not correctly index it in the PIN index. The SunTrust Deed of Trust was only indexed under the PIN assigned to Tract II; it was not indexed under the PIN assigned to Tract I until August 25, 2008. The SunTrust Deed of Trust was correctly indexed under the grantor/grantee index in 1999. The Macky Deed of Trust was correctly indexed in both the PIN index and the grantor/grantee index in 2004. The parties agree that as of both the date the Macky Deed of Trust was recorded and the Petition Date, a search of the PIN index under the Tract I PIN would not have revealed the existence of the SunTrust Deed of Trust as a lien against Tract I. The parties also agree that searches of the grantor/grantee index on these dates would have revealed the existence of SunTrust's lien against Tract I.

This adversary proceeding was filed by the plaintiff on October 6, 2008. The complaint alleges that because the SunTrust Deed of Trust was not indexed under the PIN assigned to Tract I as of the Petition Date, the SunTrust Deed of Trust is not valid to create an interest in the property enforceable against a lien creditor or purchaser for value as provided in N.C. Gen. Stat. § 47-20, and the trustee may therefore avoid the SunTrust Deed of Trust pursuant to 11 U.S.C.

---

[1] Orange County is the only county in North Carolina in which a PIN index is the official index.

-3-

544(a). The motions now before the court were filed following the completion of discovery. In support of his motion for summary judgment, the plaintiff submitted the affidavit of Guido DeMaere, an Orange County real estate attorney. In support of its motion for summary judgment, SunTrust submitted the affidavit of Kendall Page, Esq., who is also an Orange County real estate attorney.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; Celotex Corp v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2546, 2548 (1986). In considering a motion for summary judgment, the court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party." Seabulk Offshore, Ltd. v. American Home Assur. Co., 377 F.3d 408, 418 (4th Cir. 2004) (citing Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001). The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. Celotex, 477 U.S. at 323. Once the moving party has met its initial burden of proof, the non-moving party must then set forth specific facts sufficient to raise a genuine issue for trial. Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986). In determining whether to grant summary judgment, the court's role does not include weighing the evidence or making findings of fact. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 249-50, 106 S.Ct. 2505, 2510 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

## DISCUSSION

The issue in this adversary proceeding is whether the SunTrust Deed of Trust is effective against the Mackys and the plaintiff as to Tract I. Resolution of this issue depends on whether the SunTrust Deed of Trust was registered prior to the Macky Deed of Trust or to the Petition Date. North Carolina is a "pure race" jurisdiction; the first to record an interest in land holds an interest superior to all other purchasers for value, regardless of actual or constructive notice as to any unrecorded conveyances. Rowe v. Walker, 441 S.E.2d 156, 158 (N.C. App. 1994), aff'd, 455 S.E.2d 160 (N.C. 1995). "Once an interest has been recorded, future claimants are considered to have notice of it and to take subject to it." Id. Registered instruments have priority based on their order of registration. N.C. Gen. Stat. § 47-20(a). SunTrust attempted to register its deed of trust against Tract I in 1999, which is prior to the recordation of the Macky Deed of Trust or the Petition Date, at which time the trustee became able to avoid transfers pursuant to section 544. Therefore, if the SunTrust Deed of Trust was properly registered in 1999, it has priority over both the Macky Deed of Trust and the trustee's avoidance powers.

N.C. Gen. Stat. § 161-22 requires the register of deeds to keep an index of all instruments that must be registered. Such an index allows those who wish to purchase or encumber property to search the public record for any instruments that may have been previously recorded. The North Carolina Supreme Court has stated:

> [T]he primary purpose of the law requiring the registration and indexing of conveyances is to give notice, and it has been repeatedly stated by those writing on this subject that an index will hold a subsequent purchaser or encumbrancer to notice if enough is disclosed by the index to put a careful and prudent examiner upon inquiry, and if upon such inquiry the instrument would be found. . . . The cardinal purpose of the registration and indexing laws is to provide records that shall themselves be sufficient, on careful and proper inquiry, to disclose the true state of the title to real estate.

Cuthrell v. Camden County, 118 S.E.2d 601, 603 (N.C. 1961) (quoting Dorman v. Goodman, 196 S.E. 352, 355 (N.C. 1938)). For this reason, "proper indexing and cross-indexing of instruments required to be registered is an essential part of their registration," Johnson Cotton Co. v. Hobgood, 90 S.E.2d 541, 543 (N.C. 1955), and an instrument is not deemed registered until "such an instrument is indexed in a manner which would put a careful and prudent title examiner upon inquiry, and if upon such inquiry the instrument would be found by the careful and prudent examiner." In re Strickland, No. 03-12672C-7G, 2004 WL 2782561, at *2 (Bankr. M.D.N.C. Nov. 29, 2004). The SunTrust Deed of Trust was indexed in Orange County in the grantor/grantee index in 1999, but it was not properly indexed in the PIN index, which is the official real property index in Orange County, until 2008. Therefore, resolution of this proceeding requires a determination of whether the SunTrust Deed of Trust may be considered to be indexed, and therefore registered, if it has not been indexed in the official real property index of Orange County, the PIN index. If the answer is yes, which is the position taken by SunTrust, then the SunTrust Deed of Trust was registered against Tract I in 1999, and it is superior to the Macky Deed of Trust and the avoiding powers of the trustee. If the answer is no, which is the position taken by the plaintiff and the Mackys, then the SunTrust Deed of Trust was not registered until August 25, 2008, which means that the Macky Deed of Trust is superior with respect to Lots 1, 4, 5, and 6 of Tract I, and the trustee may avoid the SunTrust Deed of Trust against all of Tract I.

This matter may be properly decided by summary judgment because its resolution depends solely on statutory interpretation of the relevant provisions of N.C. Gen. Stat. §§ 161-22 and 161-22.2 (the "Indexing Statutes"). "A question of statutory interpretation is ultimately a question of law for the courts." Brown v. Flowe, 507 S.E.2d 894, 896 (N.C. 1998).

Additionally, there are no issues of material fact in this case that would preclude summary judgment. The underlying sequence of events that transpired is undisputed, and the parties agree that while a title examiner searching the grantor/grantee index would have discovered the SunTrust Deed of Trust against Tract I, a title examiner searching PIN index under Tract I's PIN would not have discovered it. Therefore, because there is no genuine issue as to any material fact and resolution requires only a question of law, this proceeding may properly be decided by summary judgment.

The question of whether an instrument must be indexed in the "official" index in order to be registered appears to be a matter of first impression in North Carolina, and neither the parties nor the court have found any North Carolina law on point. In federal proceedings in which state law is controlling and there is no state law on the issue presented, the federal court "must . . . offer its best judgment about how [the] state's highest court would rule on . . . claims, giving appropriate weight to any opinions of [the] state's intermediate appellate courts." Anderson v. Sara Lee Corp., 508 F.3d 181, 190 (4th Cir. 2007), citing Food Lion, Inc. v. Capital Cities/ABC, Inc., 194 F.3d 505, 512 (4th Cir. 1999); Phipps v. Robinson, 858 F.2d 965, 968 (4th Cir. 1988). In interpreting North Carolina law, the court begins by looking to the plain language of the statute itself. Smith Chapel Baptist Church v. City of Durham, 517 S.E.2d 874, 878 (N.C. 1999). If there is doubt as to the meaning of the statutory language, the court then looks to statutory construction. Rhyne v. K-Mart Corp., 562 S.E.2d 82, 92 (N.C. App. 2002), aff'd 594 S.E.2d 1 (N.C. 2004). "Portions of the same statute dealing with the same subject matter are 'to be considered and interpreted as a whole, and in such case it is the accepted principle of statutory construction that every part of the law shall be given effect if this can be done by any fair and reasonable intendment . . . .'" Huntington Properties, LLC v. Currituck County, 569 S.E.2d 695,

700 (N.C. App. 2002) (quoting In re Hickerson, 71 S.E.2d 129, 132 (N.C. 1952)). In matters of statutory construction, the task of the court is to ascertain and adhere to the intent of the legislature. Rhyne, 562 S.E.2d at 92. In determining legislative intent, the court may look to the purpose of the statute. In re Estate of Montgomery, 528 S.E.2d 618, 620 (N.C. App. 2000).

The court begins by looking to the language of the relevant provisions of the Indexing Statutes, which provide as follows:[2]

> (a) The register of deeds shall provide and keep in her or his office full and complete alphabetical indexes of the names of the parties to all liens, grants, deeds, mortgages, bonds, and other instruments required or authorized to be registered, and such indexes shall state in full the names of all parties, whether grantors, grantees, vendors, vendees, obligors, or obligees. . . . Reference shall be made, opposite each name, to the book and page or other location where the instrument is registered. All instruments shall be indexed on either the temporary or permanent index within 24 hours of registration. . . .
>
> (c) Instruments affecting real property shall be indexed in the appropriate real property indexes . . .
>
> (h) No instrument shall be deemed registered until it has been indexed as provided in this section.

N.C. Gen. Stat. § 161-22.[3]

> (a) In lieu of the alphabetical indexes required by G.S. 161-21, 161-22 and 161-22.1, the register of deeds of any county in which unique parcel identifier numbers have been assigned to all parcels of real property may install an index by land parcel identification numbers. . . .

---

[2] In 2008, the North Carolina General Assembly amended N.C. Gen. Stat. § 161-22 in order to make "clarifying changes to address inconsistencies in the statutes that have arisen over the years as the result of changes to parts of the statutes without corresponding changes to related statutes." NC B. Summ., 2008 Reg. Sess. H.B. 545. The effective date of these amendments was August 8, 2008, with the exception of the repeal of N.C. Gen. Stat. § 161-22(c), which became effective July 1, 2008. These effective dates are preceded by the filing of the SunTrust Deed of Trust and the Macky Deed of Trust with the Orange County Register of Deeds, as well as the Petition Date. Therefore, the court must look to the previous version of N.C. Gen. Stat. § 161-22 in its statutory analysis. All references to N.C. Gen. Stat. § 161-22 are to the version prior to the 2008 amendments.

[3] N.C. Gen. Stat. § 161-22(c) was repealed effective July 1, 2008.

> (b) Every instrument affecting real property filed for recording in the office of such register of deeds shall be indexed under the parcel identifier number of the land parcel or parcels affected.
>
> (e) (1) An approved parcel identifier number index shall become effective as the official real property index of the county as of the first day of July or the first day of January, as the board of commissioners directs, following approval by the Secretary of State.
> (2) In any county in which a parcel identifier index is the official index, the register of deeds shall post notices in the alphabetical index books and at other appropriate places in his office stating that the parcel identifier number index is the official index and the date when the change became effective.

N.C. Gen. Stat. § 161-22.2.

When read as a whole, the Indexing Statutes indicate a legislative intent to require that when a county has adopted a PIN index as its official index, an instrument must be indexed in such an official index in order to be registered. While N.C. Gen. Stat. § 161-22(a) generally requires that the register of deeds maintain a grantor/grantee index, N.C. Gen. Stat. § 161-22.2(a) allows a county to implement a PIN index in lieu of the grantor/grantee index.[4] The result is

---

[4] Both the plaintiff and SunTrust have submitted cases from other jurisdictions that they rely on in support of their respective positions. The plaintiff relies on Hanson v. Zoller, 187 N.W.2d 47 (N.D. 1971), a case in which a plaintiff's mortgage was recorded and correctly indexed in the grantor/grantee index, but was not correctly indexed in the tract index used in North Dakota. Although the North Dakota recording statutes appear to require both a tract and grantor/grantee index to be maintained, the North Dakota Supreme Court found that "the tract index is the only practical index through which instruments on record can be located" while "the grantor-grantee index is actually a carry over from the old system, and is only an additional tool available for title searchers for other purposes." Id. at 56. The court then held that a purchaser cannot be held to have constructive notice of instruments not correctly indexed in the tract index. Id.

SunTrust relies on two cases, Bank of New York v. Nally, 820 N.E.2d 644 (Ind. 2005) and Midcountry Bank v. Krueger, 762 N.W.2d 278 (Minn. App. 2009), in which courts in Indiana and Minnesota have held that a search of both available indexes is required. In Nally, the court held that a purchaser must search both the grantor/grantee index and the mortgagor/mortgagee index because Indiana Code § 36-2-11-12(b) requires maintenance of both a grantor/grantee and mortgagor/mortgagee index. 820 N.E.2d at 649. In Krueger, the court held that a purchaser was charged with constructive notice of a prior mortgage that was recorded in the grantor/grantee index even though the mortgage had not been recorded in the tract index because Minn. Stat. § 386.05 requires the newer tract index to be kept as "one of the records in the office" of the county recorder. 762 N.W.2d at 282-83 (emphasis added in original).

However, what makes all three cases distinguishable from this proceeding is the difference

that where, as is the case in Orange County, a county has implemented a PIN index that complies with the requirements of N.C. Gen. Stat. § 161-22.2, such a PIN index is the only index that is required by statute to be maintained.[5] N.C. Gen. Stat. § 161-22.2(b) requires that instruments be indexed in the PIN index under the PIN for the parcel affected. Therefore, in Orange County, the PIN index is the appropriate real property index referred to in N.C. Gen. Stat. § 161-22(c) in which an instrument affecting real property must be indexed. It follows that in order to comply with N.C. Gen. Stat. § 161-22(c), an instrument affecting real property located in Orange County must be indexed in the PIN index. Similarly, N.C. Gen. Stat. § 161-22(h) requires that an instrument be indexed as provided in N.C. Gen. Stat. § 161-22 in order to be registered. While for most counties this would mean that an instrument meets the indexing requirement upon being indexed in the grantor/grantee index, it is not the case where a PIN index has been adopted in lieu of the grantor/grantee index. In such a case, the requirements of N.C. Gen. Stat. § 161-22.2 must be read into N.C. Gen. Stat. § 161-22(h), and the result is that when a county adopts a PIN index as its official index, an instrument must be indexed as provided for in N.C. Gen. Stat. § 161-22.2 in order to be registered.

---

in the applicable recording statutes. N.C. Gen. Stat. § 161-22.2(a) provides that a PIN index may be installed <u>in lieu of</u> the traditional grantor/grantee index, <u>not in addition to</u> it as in the Indiana, Minnesota, and North Dakota statutes, which require two indexes be maintained. Because of the differences in the applicable statutes, the submitted cases provide little insight as to how the North Carolina Supreme Court would rule in this proceeding.

[5] In fact, theoretically, Orange County could have eliminated its grantor/grantee index at any point after 1983. It is reasonable to inquire, then, why does Orange County continue to maintain its grantor/grantee index? The answer is that it must do so in order to comply with N.C. Gen. Stat. § 161-22(a), which requires that instruments be indexed within 24 hours of registration. The mechanics of the PIN index are such that the index is updated less frequently than every 24 hours, which means that were it to maintain only the PIN index, the Orange County Register of Deeds would not be in compliance with N.C. Gen. Stat. § 161-22(a). The grantor/grantee index allows instruments to be indexed within 24 hours of their registration. Therefore, due to the limitations of its PIN index, Orange County must maintain the grantor/grantee index in order to remain in compliance with N.C. Gen. Stat. § 161.22(a). Additionally, the grantor/grantee index provides a tool for which a title examiner would search a "gap" that may exist between the last date the PIN system is authenticated through the date through which the examiner is to certify title.

Additionally, N.C. Gen. Stat. § 161-22.2(e) provides that: (1) once a PIN index has been approved by the Secretary of State, it becomes "effective as the official real property index of the county" the following July or January; and (2) where a PIN index is the official index, the register of deeds must post notices in the grantor/grantee index. There is nothing explicit in the statute that provides any insight as to the effect of a recording index becoming the "official" index in a county. However, the fact that the register of deeds is required to post notices in the grantor/grantee index that inform title examiners of the PIN index's status as the official index indicates that being the official index must mean <u>something</u>. Furthermore, under North Carolina law, some effect <u>must</u> be given to a PIN index becoming a county's official index, as failure to do so would preclude giving meaning to all of N.C. Gen. Stat. § 161-22.2(e)(1). See <u>State v. Buckner</u>, 527 S.E.2d 307, 311 (N.C. 2000) ("If possible, a statute must be interpreted so as to give meaning to all its provisions."). Such effect should be given by requiring that, where a county maintains more than one index, an instrument must be indexed in the official index, in a manner such that a reasonable and prudent title examiner would be put on notice of the instrument, in order for the instrument to be registered. To hold otherwise would fail to give effect to N.C. Gen. Stat. § 161-22.2(e)(1); if an instrument could be registered without being indexed in the official index, then there is no point in designating an official index.

If the court were to adopt SunTrust's position, a party seeking to have an instrument registered could comply with the indexing requirement by ensuring that the instrument was indexed in <u>either</u> the PIN index or the grantor/grantee index. Such a holding would be inconsistent with North Carolina law, which provides that the risk of a misindexed instrument falls on the filing party. See <u>Cuthrell</u>, 118 S.E.2d at 602 (where a deed of trust is not properly

indexed, it is not properly recorded).[6] To require a title examiner to search multiple indexes would shift part of this burden from the filing party, who would then have two chances of getting the filing right, to the searching party, who would incur additional costs as a result of an additional search. Moreover, requiring a title examiner to search only the official index promotes efficiency and reduces search costs associated with real estate transactions.

Finally, the court notes that its decision in this proceeding is not inconsistent with the line of North Carolina cases holding that in order to be registered, an instrument must be indexed in a manner that would put a careful and prudent title examiner on notice.[7] See, e.g. Cuthrell, 118 S.E.2d 601; Johnson Cotton Co., 90 S.E.2d 541; Dorman, 196 S.E. 352. These cases differ from the present proceeding in two respects. First, in these cases, the attempts to register the instruments at issue occurred in counties in which a grantor/grantee index was the only real property index. For this reason, none of these decisions address the relevant issue in this proceeding: the effect of an instrument not being indexed in the "official" index in a county that maintains more than one index. Second, these cases dealt with instances in which an instrument was actually indexed in the grantor/grantee index. Here, the SunTrust Deed of Trust was not indexed at all in the PIN index as to Tract I. In reaching its decision, the court recognizes what is implicit in these earlier decisions, that a court must look first to whether an instrument has

---

[6] Note that for this reason, cases discussing the Universal Commercial Code (the "UCC") are unhelpful in analyzing this matter. In UCC cases, the risk of a misindexed filing lies with the party searching UCC filings, not the filing party. See N.C. Gen. Stat. § 25-9-517 ("The failure of the filing office to index a record correctly does not affect the effectiveness of the filed record in searching UCC filings on the searcher.").

[7] The 2008 amendments to N.C. Gen. Stat. § 161-22 have codified these judicial interpretations. N.C. Gen. Stat. § 161-22(h) now reads: "No instrument shall be deemed registered until it has been indexed in a manner to put a reasonably careful and prudent examiner on notice upon inquiry, and, if upon inquiry, the instrument would have been found."

been indexed at all before it can begin the analysis of whether an instrument was indexed in a manner that would put a reasonable and prudent title examiner on notice.

For the above reasons, the court has determined that the Supreme Court of North Carolina would find that when an instrument has not been indexed in a county's official index in a manner that would put a reasonable and prudent title examiner on notice, such an instrument cannot be deemed registered. As a result, the SunTrust Deed of Trust was not registered against Tract I until August 25, 2008. Accordingly, the Macky Deed of Trust holds a first priority position as to Lots 1, 4, 5, and 6 of Tract I, and the plaintiff may avoid the SunTrust Deed of Trust against Tract I pursuant to N.C. Gen. Stat. § 47-20 and 11 U.S.C. § 544(a). An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 6th day of August, 2009.

*/s/ William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Joseph J. Vonnegut, Esq.
P.O. Box 2505
Fayetteville, NC 28302

Robert N. Maitland, II, Esq.
2 Couch Road
Chapel Hill, NC 27514

David M. Rooks, Esq.
Northen Blue, LLP
P.O. Box 2208
Chapel Hill, NC 27515-2208